IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JEFFERY LAMAR COLE, #99003097
     Plaintiff,

vs.                                Case No. 3:10cv176/LAC/EMT

STATE OF FLORIDA,
SANTA ROSA COUNTY SHERIFF DEPARTMENT
and
LANCE RICHARD BIRD,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

     This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 1). Leave to proceed in forma pauperis has been granted (Doc. 5).

     Because Plaintiff is a prisoner proceeding in forma pauperis, the court is required to dismiss the complaint if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious.

     Questions A and B of Section IV of the complaint form ask whether Plaintiff has initiated other actions in state court (question A) or federal court (question B) dealing with the same or similar facts or issues involved in this action (Doc. 1 at 3[1]). Where there is a parenthetical area to mark either a "yes" or "no" answer to question A, Plaintiff marked "no" (*id.*). Where there is a parenthetical area to mark either a "yes" or "no" answer to question B, Plaintiff also marked "no."

_____

[1] Page numbers are as assigned by the court's electronic docketing system, not as shown on the paper document.

Question C of Section IV asks, "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (*id.* at 7). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*). Question D of Section IV asks, "Have you ever had any action in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every case so dismissed" (*id.*). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no." Thus, Plaintiff has in effect stated that besides the instant lawsuit, he has initiated <u>no</u> other lawsuit in federal court that deals with the same or similar facts or issues involved in this action; <u>no</u> other federal lawsuits that relate to the fact or manner of his incarceration or conditions of confinement; and <u>no</u> other lawsuit in federal court that was dismissed as frivolous, malicious, failing to state a claim, or prior to service. At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**" (*id.* at 7).

Upon review of the docket, this court takes judicial notice that as of the date Plaintiff filed the original complaint in the instant case, May 18, 2010 (*see* Doc. 1 at 7), he had previously filed <u>Cole v. Santa Rosa County Sheriff Dep't</u>, Case No. 3:06cv490/MCR/EMT.[2] That case dealt with

---

[2] According to the docket, the inmate number of the Plaintiff in Case No. 3:06cv490/MCR/EMT is #06004746. As noted above, in this case the Plaintiff's inmate number is # 99003097. Notwithstanding the discrepancy in the two numbers, the court has no doubt that the Plaintiff in the prior case and the instant case are the same person.

In Case No. 3:06cv490/MCR/EMT the number identified as the Plaintiff's inmate number in fact appears to have been his <u>booking</u> number, not his inmate number (*see* Case No. 3:06cv490/MCR/EMT, Doc. 1 at 11, 13, 15, 17). In that case, Plaintiff apparently did not provide his inmate number to the court. Moreover, while not dispositive of course, the fact that the (somewhat unusual) full name of the Plaintiff in each of the two cases is identical at least suggests that only one individual is involved. Finally, and significantly, even to an untrained eye it is evident that the distinctive signatures on the complaints in each of the cases were written by the same person (*see* Case No. 3:06cv490/MCR/EMT, Doc. 1 at 10; Case No. 3:10cv176/LAC/EMT, Doc. 1 at 7). For these reasons, the court is satisfied that the plaintiff in Case No. 3:06cv490/MCR/EMT and the instant case are the same person.

If, however, Plaintiff in this case contends he is not the person who filed Case No. 3:06cv490/MCR/EMT, he may ask this court to reconsider the instant Report and Recommendation or file an objection with the district court.

the fact or manner of his incarceration. Specifically, Plaintiff complained that after he was arrested on a civil contempt charge while already incarcerated at the Santa Rosa County Jail, he was not timely permitted to see a hearing officer or judge on the contempt charge and his grievances regarding the matter were not reviewed by the Jail's operations captain (*see* Case No. 3:06cv490/MCR/EMT, Doc. 1 at 8). After leave to proceed in forma pauperis was granted and this court issued an order directing Plaintiff to file an amended complaint due to pleading defects in the initial complaint, the district court dismissed the action for Plaintiff's failure to comply with an order of the court. In the instant complaint form, Plaintiff did not list Case No. 3:06cv490/MCR/EMT in Section IV (*see* Doc. 1 at 6–7), even though the case qualified as a federal court action that was responsive to question C (actions relating to the fact or manner of confinement) and should have been included.

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action. The information also helps the court identify prisoner plaintiffs who have been permitted to proceed in forma pauperis, and thus are obligated to pay the filing fee in full by installment, but may not have kept their payment status current.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior action was required

---

Plaintiff should attach to his motion or objection a statement sworn under penalty of perjury in which he states he is not the person who filed Case No. 3:06cv490/MCR/EMT. Plaintiff is reminded that making a false representation to the court under penalty of perjury may result in sanctions, including sanctions far more severe than the instant recommendation of dismissal such as prosecution for perjury.

and that dismissal of the instant case could result from his untruthful answers.[3]  If Plaintiff suffered no penalty for his untruthful response, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants.  Therefore, this court should not allow Plaintiff's false response to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice.  Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions.  *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious.

At Pensacola, Florida, this 19th  day of November 2010.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[3] Indeed, Section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* Doc. 1 at 6) (emphasis and capitalization in original).

Case No. 3:10cv176/LAC/EMT